FILED IN CLERK'S OFFICE
U.S.D.C. Rome

DEC 06 2022

KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk

At the U.S. District Court
for The Northern District of Georgia

| | |
|---|---|
| Eric Randolph,<br>Claimant/Plaintiff<br><br>v.<br><br>County of Paulding<br>State of Georgia<br>Igor Stephens<br>Peter Lublin,<br>Gregory Geiser<br>Martin Albuena<br>Christy Motes<br>In their personal/individual and professional capacities.<br>Defendants. | Case No. 4:22-CV-0245<br><br>**Amended Complaint**<br><br>Claim of Damages: **Administering Property without Right**<br>Bill of Rights Violations: Article(s) The Fourth and Fifth- **42 U.S.C. 1983**;<br>Abuse of Process<br>Forgery<br>Identity Theft<br>Receiving Stolen Property<br>Intentional Interference<br>(verified) Trial by Jury DEMANDED |

### Complaint and Request for Injunctive Relief

Plaintiff, Eric Randolph(hereinafter Plaintiff), sues Igor Y. Stephens, Peter Lublin, Gregory Geiser, Martin Albuena, Christy Motes, County of Paulding, and State of Georgia (hereinafter Defendant)for money damages in the amount of $2,550,000.00, two million five hundred fifty thousand USD for trespass by way of deprivation of rights under color of law, and with knowledge states in support:

### Jurisdiction

1. This is a suit is "to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States". [cf. 28 U.S. Code § 1343 (3)]

2. This case is to "recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights." [cf. 28 U.S. Code § 1343 (4)]

3. This case is in law and equity, arising under this Constitution and the laws of the United States.[Article the Fourth and Fifth of the Bill of Rights]

4. Plaintiff is private and has no minimum contacts with the State of Georgia.

5. Defendant's are UNITED STATES citizens pursuant to 15 U.S. Code § 4724(e)(1)(A)

6. The UNITED STATES is a Federal Corporation pursuant to 28 USC 3002(15) organized under the laws of the United States.

7. This Federal District court has jurisdiction.

**Parties**

8. At all times relevant to this case, Plaintiff is in lawful possession, use and enjoyment of his right to own, possess and dispose of property in pursuit of happiness.

9. Defendant Gregory Geiser is a man who sometimes acts as a CEO/manager at CATAMOUNT PROPERTIES 2018 llc, and is sued in his personal capacity.

10. Defendant Igor Y Stephens is a man who sometimes acts as an attorney (BAR#128039) at Rubin Lublin LLC, and is sued in his personal capacity.

11. Defendant Peter Lublin is a man who sometimes acts as a partner/registered agent at RUBIN LUBLIN LLC, and is sued in his personal capacity.

12. Defendant Martin Albuena is a man who sometimes acts as a chief administrator for the political subdivision of Paulding County Magistrate Court.

13. Defendant Christy Motes is a woman who sometimes acts as a clerk for the political subdivision of Paulding County Magistrate Court.

14. The County of Paulding is a political subdivision of the State of Georgia

15. The State of Georgia is a political subdivision of Washington D.C.

**General Factual Allegations**

16. Plaintiff is a private man, a nonresident, with no minimum contacts with the state.

17. Defendant's initiated contact on August 25, 2022 via depositing unauthorized communication to Plaintiffs door.

18. Defendant's communication is based on the UNIFORM RESIDENTIAL LANDLORD AND TENANT ACT (URLTA) drafted by the NATIONAL CONFERENCE OF COMMISSIONERS ON UNIFORM STATE LAWS RECOMMENDED FOR ENACTMENT IN ALL THE STATES at its ANNUAL CONFERENCE MEETING IN ITS EIGHTY-FIRST YEAR AT SAN FRANCISCO, CALIFORNIA AUGUST 4-11, 1972.

19. The drafting process of URLTA draws on the expertise of state-appointed commissioners, legal experts, and advisors and observers representing the views of other legal organizations or interests that will be subject to the proposed laws.

20. URLTA is intended to apply to government or public agencies acting as landlords (Section 1.301 (8)).

21. This Act does not apply to occupancy by a purchaser under a contract of sale.

22. Pursuant to the URLTA "PART II SCOPE AND JURISDICTION § 1.201. [Territorial Application] This Act applies to, regulates, and determines rights, obligations, and remedies under a rental agreement, wherever made, for a dwelling unit located "within this state."

23. There is no record with any Federal or State or subdivision thereof that Subject Property is "in or within the state" of Georgia according to the definition of the term at O.C.G.A § 11-1-201 (38) "State" means a state of the United States, the District of Columbia, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States.

24. Pursuant to the URLTA:

    (6)"organization" includes a corporation, government, governmental subdivision or agency, business trust, estate, trust, partnership or association, 2 or more persons having a joint or common interest, and any other legal or commercial entity;

(8) "person" includes an individual or organization; (legal entity)

(14) "tenant" means a person entitled under a rental agreement to occupy a dwelling unit to the exclusion of others.

25. Based on the federal and state rules of construction, by those definitions a "tenant" includes one or more individuals acting as or for a legal or commercial entity within a federal area.

26. URLTA is an administrative codification of the National Housing Act 1934 (Capehart Act), ch. 847, 48 Stat. 847 (1937) (codified as amended at 12 U.S.C. §§ 1701 to 1750g and 42 U.S.C. §§ 1401 to 1440)

27. URLTA, therefore, also includes the United States Housing Act 1937 (act of Sept. 1, 1937, ch. 896, as revised generally by Pub. L. 93–383, title II, §201(a), Aug. 22, 1974, 88 Stat. 653, and amended, which is classified generally to chapter 8 (§1437 et seq. of title 42.)

28. Pursuant to 42 USC 1404 the Secretary of Housing and Urban Development may sue… with respect to its functions under the United States Housing Act of 1937.

29. The strategy defined in the Housing Acts was to administer a federal housing program that was to be managed at a local level.

30. The 1937 Act declared that the federal government promised to commit federal dollars to alleviate housing pressures in the country.

31. Quoting from the 1937 Act: "It is hereby declared to be policy of the United States to promote the general welfare of the Nation by employing its funds and credit, as provided in this Act, to assist the several States and their political subdivisions… to remedy… the acute shortage of decent, safe, and sanitary dwellings for families… that are injurious to the health, safety, and morals of the citizens of the Nation." Id. sec. 1, 50 Stat. at 888.

32. Using URLTA to make Plaintiff and his family homeless would frustrate the purposes of the Housing Act.

33. The Housing Act is administered by a local agency, a Public Housing Authority (PHA), and usually state level courts guided by URLTA rules.

34. 42 § 11311 "There is established in the executive branch... known as the United States Interagency Council on Homelessness whose mission shall be to reduce and end homelessness in the nation while maximizing the effectiveness of the Federal Government in contributing to the end of homelessness."

35. 42 § 3531. "The Congress hereby declares that the general welfare and security of the Nation and the health and living standards of our people require... establishment of an executive department [Housing and Urban Development]... to provide for full and appropriate consideration... of the needs and interests of the Nation's communities and of the people who live and work in them."

36. The record does not reflect Plaintiff is a statutory person.

37. The record does not reflect that Defendant's are designated by the Secretary of HUD to sue on its behalf.

38. The record does not reflect the subject property is public housing.

39. The record does not reflect the subject property is for "public use" as defined in OCGA Title 22-1-1 and 8-3-31.1

40. The record does not reflect the subject property nor Plaintiff is subject to the URLTA.

41. The record reflects the Defendant's acts and omissions are in violation of the legislative intent and congressional declarations of title 42 USC §§ 1437, 3531, 11311

**Count One: Request for Injunction; Against All Defendants**

42. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

43. Plaintiff has personal knowledge that Defendants intend to deprive Plaintiff of property absent due process of law.

44. Defendants intend to abuse the Dispossessory Action process to steal Plaintiff's property.

45. The Defendants' threatened harm will cause irreparable harm for which a money judgment alone is insufficient.

46. The threat is imminent because Defendants intend to use the office of the Sheriff to aid and abet in their attempt to deprive Plaintiff of property.

47. No other remedy is available because Defendants run a well oiled operation using their friends in the state courts to railroad over Plaintiff's due process rights.

48. Without an injunction Plaintiff and his family will be unlawfully deprived of the basic necessities of life.

49. Subject property is private and without any interest to the public.

50. No act or failure to act on Plaintiff's part could give Defendants a rise to a cause of action. Wherefore Plaintiff moves this court to enter an order for injunction against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

## Count Two: 42 USC 1983 claim; Against All Defendants

41. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

51. At all times material to this case Defendant's were acting under color of law when trespassing upon Plaintiff's private property.

52. At all times material to this case Defendant's simulated a legal process by creating a false, unsigned instrument purported to be a dispossessory affidavit with the intent to deprive Plaintiff of private property without just compensation and due process of law.

### Count Three: Abuse of Process; Against Defendants Igor Stephens, Christy Motes

53. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

54. On August 25, 2022 Plaintiff received a notice stuck to the door from Defendants.

55. On the face the subject matter alleges to be a "Dispossessory Affidavit" (hereinafter instrument).

56. Although the instrument purports to be a process to "restore possession…" it is being used to perfect a forged title and theft of the Subject Property.

57. The elements of a lawfully sufficient instrument are deficient.

58. The deficiencies make the instrument legally unenforceable against Plaintiff.

59. Defendants know or should have known of the legal deficiency on the face of the document.

60. Defendants' action cause intentional infliction of emotional distress, interference with the exercise of religion, opportunity loss and costs of having to defend their claim.

61. Defendants use a county ordinance to deprive Plaintiff of constitutionally protected rights against the legislative intent of the state and federal statutes on ending homelessness.

62. Defendants' action cause intentional infliction of emotional distress, interference with the exercise of religion, opportunity loss, and costs of having to defend against their claim. As a result Plaintiff is gripped with panic and worry of himself and his family being made homeless.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

### Count Four: Defamation; Against Defendant Peter Lublin

63. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

64. Defendant Peter Lublin uttered and published a disparaging statement about the Plaintiff on June 9th 2022 in the the New Dallas Era newspaper.

65. Defendant's acts were done in the knowledge of invalidity.

66. The statement was published with legal malice because Defendant knows it would cause injury.

67. Defendants' acts Cause harm and injury to the reputation, enjoyment of title and emotional distress to Plaintiff.

68. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

### Count Five: Forgery; Against Defendant Igor Y. Stephens

69. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

70. Defendant Igor Y Stephens used a false instrument purported to be a Dispossessory Affidavit.

71. Such an instrument is typically used by a lawful owner of property to invoke the legal powers of a court of competent jurisdiction.

72. The instrument is a nullity because it is not for the intent of what it alleges to be.

73. Defendant intends to use this instrument to defraud Plaintiff.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

### Count Six: Identity Theft; Against Defendant Peter Lublin

74. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

75. Defendant Peter Lublin et al. knowingly use Plaintiff's name and mailing address claiming to act on behalf of Plaintiff by publication in the New Dallas Era newspaper.

76. The publication falsely stated "LAKEVIEW LOAN SERVICING, LLC. as Attorney in Fact for ERIC RICHARDS"

Pg. 8 of 11

77. The record does not reflect Plaintiff authorized Defendant to do anything regarding subject property.

78. The power of attorney making "LAKEVIEW LOAN SERVICING, LLC" Attorney in Fact by Defendant does not exist.

79. Defendant does these acts for the purpose of self enrichment.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

### Count Seven: Receiving Stolen Property; Against Defendant Gregory Geiser

80. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

81. Defendant Gregory Geiser et al. received an alleged right to the subject property.

82. Defendant knows or should have known it was stolen because they didn't receive keys to the property from who they allegedly purchased it from.

83. Defendant did not receive a warranty deed.

84. Defendant intends to further deprive Plaintiff of the subject property.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

### Count Eight: Intentional Interference; Against All Defendants

85. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

86. Prior to Defendants acts complained of, Plaintiff was lawfully and peaceably enjoying the subject property.

87. Defendant had knowledge of the contract due to the public record.

88. Defendants gained knowledge by **"cease and desist"** notice sent June 3rd, 2022 by Plaintiff.

89. Defendants intentionally used their access to the court records to interfere with Plaintiff's peaceable enjoyment of the subject property without lawful justification.

90. Plaintiff is injured by emotional and psychological stress due to repeated trespass by Defendant's, including taking photos and attempts to bribe Plaintiff with 5,000.00 dollars to abandon subject property.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

## Verification

I certify the foregoing is true and correct and with firsthand knowledge under penalty of the laws of God [Cf. 28 USC 1746(1)]

Executed the 2nd day of December, Year of our Creator 2022

By: *Eric Randolph* (signature)

By: Eric Randolph

The Affirmant is known to me, affirmed the foregoing to be true and signed before me:

Witness1: *Adane Mitchem* (signature)
By:                                    date:

Witness2: *Omaro McLean* (signature)
By:                                    date:

Certificate of service:

I Eric Randolph certify that a copy of the complaint and summons has been sent to the following parties via email, facsimile, first class mail or certified/registered mail, and/or personal service:

State of Georgia- 2 Martin Luther King Jr. Dr.; Suite 356 Atlanta, GA 30334

County of Paulding- 240 Constitution Boulevard Dallas, GA 30132

Gregory Geiser % CATAMOUNT PROPERTIES 2018, LLC-2015 Manhattan Beach Blvd., Suite 100, Redondo Beach, CA, 90278, USA

CATAMOUNT PROPERTIES % David Holcomb Cogency Global Inc. Registered Agent 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076

Igor Y. Stephens
3145 Avalon Ridge Place, Suite 100, Peachtree Corners, GA 30071   evictions@rlselaw.com

Peter Lublin
3145 Avalon Ridge Place, Suite 100, Peachtree Corners, GA 30071

Martin Valbuena
280 Constitution Boulevard First Floor - Room 1109 Dallas, GA 30132

Christy Motes
280 Constitution Boulevard First Floor - Room 1109 Dallas, GA 30132

I certify the foregoing is true and correct and with firsthand knowledge under penalty of the laws of God.

Executed the 2nd day of December, Year of our Creator 2022

By: *Eric Randolph* (signature)
By: Eric Randolph
% 457 Nathan Dean Blvd Ste 105248 - Near Dallas, Georgia [30132]
Email: SwordandShield152@gmail.com

The Affirmant is known to me, affirmed the foregoing to be true and signed before me:

Witness 1: Cedane Mitchell
By:
Witness 2: Omaro McLean
By:

Pg. 11 of 11



PRESS FIRMLY TO SEAL    PRESS FIRMLY TO SEAL

U.S. POSTAGE PAID
PME 1-Day
HIRAM, GA
30141
DEC 05, 22
AMOUNT
$27.90
R2305P150091-4

RDC 07    30161

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP



**UNITED STATES POSTAL SERVICE® PRIORITY MAIL EXPRESS®**

**CUSTOMER USE ONLY**
**FROM:** (PLEASE PRINT)   PHONE ( )

Eric Randolph
c/o 457 Nathan Dean Blvd. Ste 105248
near Dallas, Georgia [zip exempt]

**DELIVERY OPTIONS (Customer Use Only)**
☒ SIGNATURE REQUIRED
☐ No Saturday Delivery
☐ Sunday/Holiday Delivery Required

**TO:** (PLEASE PRINT)   PHONE ( )

Clerk
United States Courthouse
600 East first Street
Rome, GA 30161 - 3149

ZIP + 4® (U.S. ADDRESSES ONLY)

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 Insurance included.

PEEL FROM THIS CORNER

EI 506 209 422 US

Atlanta, GA

**PAYMENT BY ACCOUNT (if applicable)**

**ORIGIN (POSTAL SERVICE USE ONLY)**
☒ 1-Day  ☐ 2-Day  ☐ Military  ☐ DPO
PO ZIP Code: 30141
Scheduled Delivery Date: 12/6/22
Postage: $27.90
Date Accepted: 12/5/22
Scheduled Delivery Time: ☒ 6:00 PM
Time Accepted: 10:04 ☒ AM
Weight: ☒ Flat Rate
Acceptance Employee Initials: TM
Total Postage & Fees: $27.90

**DELIVERY (POSTAL SERVICE USE ONLY)**

LABEL 11-B, MAY 2021    PSN 7690-02-000-9996

UNITED STATES POSTAL SERVICE